# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| TERESA CULPEPPER,<br>on behalf of her minor child<br>C. C.,<br><br>    Plaintiff,<br><br>vs.<br><br>KEVIN A. SHWEDO,<br>in his official capacity as the Executive<br>Director of the South Carolina Department of<br>Motor Vehicles,<br><br>and<br><br>TAMMY KING,<br>in her official capacity as the Manager of the<br>Anderson Office of the South Carolina<br>Department of Motor Vehicles,<br><br>    Defendants. | Civil Action No.: 14-cv-03504 (CMC)<br><br>**SETTLEMENT AGREEMENT** |

Plaintiff Teresa Culpepper, on behalf of her minor child C.C., ("Plaintiff") and Defendants Kevin A. Shwedo, in his official capacity as the Executive Director of the South Carolina Department of Motor Vehicles ("SCDMV"), and Tammy King, in her official capacity as the Manager of the Anderson Office of the SCDMV (collectively "Defendants"), by and through their counsel, hereby enter into this Settlement Agreement ("Settlement Agreement"), to be annexed as Exhibit A to the Stipulation and Proposed Order of Approval of Settlement and Dismissal ("Stipulation and Proposed Order"),

WHEREAS, on September 2, 2014, Plaintiff commenced the above-captioned civil action (the "Action") alleging Defendants had impermissibly discriminated against C.C. based on sex and sex stereotypes (First Claim for Relief), unconstitutionally restrained C.C.'s freedom

of expression and compelled and continue to compel C.C. to convey an ideological message of their design (Second and Third Claims for Relief), and deprived C.C. of the constitutionally protected liberty interest in C.C.'s personal appearance (Fourth Claim for Relief). Moreover, Plaintiff alleged that Defendants' policy is unconstitutionally vague and overbroad under the United States and South Carolina Constitutions, enabling SCDMV personnel to make arbitrary and capricious decisions based on their perception of how a particular individual should look as male or female (Fifth through Seventh Claims for Relief);

WHEREAS, Plaintiff sought declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983, declaring the SCDMV's Photo Policy unconstitutional as interpreted and applied by Defendants, prohibiting Defendants from applying the SCDMV Photo Policy in an unconstitutional manner, and ordering Defendants to allow C.C. to be photographed for a driver's license while wearing everyday makeup that C.C. wears on a regular basis. Plaintiff also asked that the Court strike the policy as unconstitutionally vague and overbroad and an unconstitutional grant of unfettered discretion and award reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988; and

WHEREAS, Plaintiff and Defendants (collectively the "Parties") wish to avoid further litigation in this matter and have determined to settle this Action;

NOW, THEREFORE, in reliance on the mutual promises, covenants, releases, and obligations as set out in this Settlement Agreement, and for good and valuable consideration, the Parties, through their respective attorneys, hereby stipulate and agree to resolve all claims at issue in this Action as follows:

## I.   POLICY CHANGES

1.   Within fourteen (14) days of the entry of Stipulation and Order approving this Settlement Agreement, Defendant Shwedo agrees to amend and revise SCDMV Procedure DL-201 as follows:

A.   The second sentence in the **DESCRIPTION** within the **PROCEDURE SUMMARY** on page 1 (*i.e.*, "The photo must always represent the credential holder in a way that does not disguise his/her identity") shall be deleted.

B.   The final sentence of Section III(A)(2) on page 4 (*i.e.*, "Regular everyday cosmetic makeup is acceptable because it is generally used to highlight natural beauty and/or to hide blemishes or flaws") shall be replaced with text stating:

> Regular everyday cosmetic makeup on any person, regardless of gender, is acceptable because it is generally used to highlight natural beauty and/or to hide blemishes or flaws.

C.   The *Note* at the end of **Section III(A)** on page 4 (*i.e.*, "At no time will an applicant be photographed when it appears that he/she is purposely altering his/her appearance so that the photo would misrepresent his/her identity") shall be revised to include the following additional statement at the end of the current note:

> An applicant is not misrepresenting his/her identity when the applicant's makeup, clothing or accessories do not match traditional expectations of an applicant's gender.

2.   Defendants agree to provide a copy of the revised SCDMV Procedure DL-201 to Plaintiff's counsel on the day it is adopted.

## II.   IMPLEMENTATION OF POLICY

3.   Defendants agree that C.C. will be allowed to take a driver's license photograph wearing regular, everyday makeup without any additional expense or cost.

- 3 -

4.      Defendant Shwedo agrees that the SCDMV shall not revise or alter the policy in the future in any way that would prevent an applicant from having the applicant's driver's license photograph taken while wearing regular everyday cosmetic makeup, clothing or accessories that do not match traditional expectations of that applicant's sex.

### III.     POLICY CHANGE NOTICE

5.      Within twenty-one (21) days of the entry of Stipulation and Order approving this Settlement Agreement, Defendant Shwedo agrees that, as is standard procedure with all changes to SCDMV procedures or policies, the SCDMV will circulate to all employees an electronic notice informing employees of the change in procedure and, providing them a link to the location of the revised procedure.    Within fourteen (14) days of notice, supervisors will review subordinates' acknowledgements to assure receipt and review of the revised Procedure DL-201.

### IV.     TRAINING

6.      SCDMV will use the two methods it has in place to conduct the "RESPECT" training, which has been shared with and revised by Plaintiff's counsel.

   a. The first method is a periodic email entitled *Newsbreak*, which is sent to all employees, which alerts employees to changes in policy or procedure and contains links to relevant documentation. All employees are responsible for reading and reviewing Newsbreak emails and related documents. Newsbreaks are archived on the agency internal website.

   b. The second method is weekly training in each office or unit on Wednesday mornings. These training materials are archived on the agency internal website for review by any employee who was not present at the normal presentation time.

- 5 -

7.    In this case, SCDMV will present its "RESPECT" presentation addressing professional treatment of customers, including the professional treatment of transgender and gender non-conforming individuals in the slides provided by Plaintiff's counsel. SCDMV agrees that this training will include the specific procedure wording change reflected in Part III, and will be presented in a Wednesday morning session within ninety (90) days of the approval of the settlement.

## V.    APOLOGY

8.    Within five (5) days of the entry of the Stipulation and Order approving this Settlement Agreement, Defendant Shwedo will execute a written apology to C.C.

## VI.    DISMISSAL AND SETTLEMENT AGREEMENT

9.    Plaintiff agrees to the dismissal of the Action with prejudice under Federal Rule of Civil Procedure 41(a)(1) subject to the terms of the Settlement Agreement and to the Court's continuing jurisdiction as set forth in Section VII.  After full execution of this Settlement Agreement, Plaintiff, pursuant to Local Civil Rule 17.02 DSC, will file the Stipulation and Proposed Order to which this Settlement Agreement will be attached as an exhibit.

## VII.    RETENTION OF JURISDICTION

10.    The Court shall retain jurisdiction over this matter for the purpose of enabling any party to the Settlement Agreement to apply to the Court for such further orders or directions as may be necessary or appropriate for the enforcement, interpretation or implementation of this Settlement Agreement.

## VIII.     ADDITIONAL PROVISIONS

11. This Settlement Agreement applies to the named Defendants in their official capacity and shall be equally binding upon their successors, agents, officials, employees, representatives and assigns.

12. This Settlement Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all parties hereto or their successors-in-interest, , a copy of which shall be promptly provided to the Court.

13. Should any provision of this Settlement Agreement be found by a court to be invalid or unenforceable, then (A) the validity of other provisions of this Settlement Agreement shall not be affected or impaired, and (B) such provisions shall be enforced to the maximum extent possible.

14. Plaintiff's counsel who are signatories hereto herby represent, warrant, and guarantee that they are duly authorized to execute this Settlement Agreement on behalf of the Plaintiff.

15. Defendants' counsel who are signatories hereto herby represent, warrant, and guarantee that they are duly authorized to execute this Settlement Agreement on behalf of the Defendants.

16. This Settlement Agreement shall be governed by the laws of the State of South Carolina without regard to its conflict of laws provisions, rules or precedents. In the event of a breach of any provision of this Settlement Agreement, either party may institute an action specifically to enforce any term of this Settlement Agreement and/or seek damages for breach.

17. This Settlement Agreement shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by

counsel for one of the Parties, it being recognized by the Parties that this Settlement Agreement is the result of arm's length negotiations between the Parties and that all Parties have contributed substantially and materially to the preparation of this Settlement Agreement.

18. The Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each for them shall be deemed to be one and the same instrument.

19. All notices that are required under this Settlement Agreement shall be given in writing to the Parties by either (i) personal delivery; (ii) Registered or Certified mail, in each case, return receipt request and postage prepaid U.S.; or (iii) nationally recognized overnight courier with all fees prepaid, to the following addresses:

If notice to the Plaintiff or Plaintiff's counsel:

Michael Silverman, Esq.
Transgender Legal Defense & Education Fund, Inc.
20 West 20th Street, Suite 705
New York, NY 10011
(646) 862-9396

If notice to the Defendants or Defendants' counsel:

Eugene H. Matthews, ID # 7141
Richardson Plowden & Robinson, P.A.
1900 Barnwell Street (29201)
Post Office Drawer 7788
Columbia, South Carolina 29202
(803) 771-4400

Dated: April 20, 2015

| *For Plaintiff* | *For Defendants* |
|---|---|
| | |

Marshall Winn (529)
Wallace K. Lightsey (1037)
WYCHE, P.A.
44 East Camperdown Way
Greenville, South Carolina 29601
Tel.: (864) 242-8200
Fax: (864) 235-8900
mwinn@wyche.com
wlightsey@wyche.com

OF COUNSEL:

Peter Guirguis
Melanie M. Kotler
David B. Schwartz
NORTON ROSE FULBRIGHT US LLP
666 Fifth Avenue
New York, NY 10103
Tel.: (212) 318-3000
Fax: (212) 318-3400
peter.guirguis@nortonrosefulbright.com
melanie.kotler@nortonrosefulbright.com
david.schwartz@nortonrosefulbright.com

Michael D. Silverman
TRANSGENDER LEGAL DEFENSE &
EDUCATION FUND, INC.
20 West 20th Street
Suite 705
New York, NY 10011
Tel.: (646) 862-9396
Fax: (646) 930-5654
msilverman@transgenderlegal.org

Eugene H. Matthews, (7141)
RICHARDSON PLOWDEN & ROBINSON, P.A.
1900 Barnwell Street (29201)
Post Office Drawer 7788
Columbia, South Carolina 29202
Tel.: (803) 771-4400
Fax: (803) 779-0016
gmatthews@richardsonplowden.com

- 8 -