# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| TERESA CULPEPPER,<br>on behalf of her minor child<br>C. C.,<br><br>    Plaintiff,<br><br>        vs.<br><br>KEVIN A. SHWEDO,<br>in his official capacity as the Executive<br>Director of the South Carolina Department of<br>Motor Vehicles,<br><br>and<br><br>TAMMY KING,<br>in her official capacity as the Manager of the<br>Anderson Office of the South Carolina<br>Department of Motor Vehicles,<br><br>    Defendants. | Civil Action No.:  3:14-cv-03504-CMC<br><br>**ORDER APPROVING SETTLEMENT<br>AND DISMISSING ACTION** |

Through this action, Plaintiff Teresa Culpepper ("Plaintiff") seeks relief on behalf of her minor child C.C., regarding a policy implemented by Defendants Kevin A. Shwedo, in his official capacity as the Executive Director of the South Carolina Department of Motor Vehicles ("SCDMV"), and Tammy King, in her official capacity as the Manager of the Anderson Office of the SCDMV (collectively "Defendants"). Through their counsel, these parties have entered and filed a Settlement Agreement, resolving all claims subject to approval of this court. The Settlement Agreement is effective upon order of the court.

WHEREAS, on September 2, 2014, Plaintiff commenced the above-captioned civil action (the "Action") alleging Defendants had impermissibly discriminated against C.C. based on sex and sex stereotypes (First Claim for Relief), unconstitutionally restrained C.C.'s freedom

of expression and compelled and continue to compel C.C. to convey an ideological message of their design (Second and Third Claims for Relief), and deprived C.C. of the constitutionally protected liberty interest in C.C.'s personal appearance (Fourth Claim for Relief).  Moreover, Plaintiff alleged that Defendants' policy is unconstitutionally vague and overbroad under the United States and South Carolina Constitutions, enabling SCDMV personnel to make arbitrary and capricious decisions based on their perception of how a particular individual should look as male or female (Fifth through Seventh Claims for Relief);

WHEREAS, Plaintiff sought declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983, declaring the SCDMV's Photo Policy unconstitutional as interpreted and applied by Defendants, prohibiting Defendants from applying the SCDMV Photo Policy in an unconstitutional manner, and ordering Defendants to allow C.C. to be photographed for a driver's license while wearing everyday makeup that C.C. wears on a regular basis.  Plaintiff also asked that the court strike the policy as unconstitutionally vague and overbroad and an unconstitutional grant of unfettered discretion and award reasonable costs and attorneys' fees pursuant to 42 U.S.C. § 1988;

WHEREAS, Plaintiff and Defendants (collectively the "Parties") wish to avoid further litigation in this matter and have determined to settle this Action;

WHEREAS, the Parties, by their counsel, have executed a Settlement Agreement (the "Settlement Agreement"), which has been filed as ECF No. 23-1;

WHEREAS, Plaintiff Teresa Culpepper, the parent and legal representative of C.C., consents to the entry of this Stipulation and Proposed Order;

WHEREAS, pursuant to Local Civil Rule 17.02(A) DSC, all parties are properly represented and are properly before the court, no questions exist as to misjoinder or nonjoinder of parties, and the court has jurisdiction over the subject matter and the parties;

- 3 -

WHEREAS, pursuant to Local Civil Rule 17.02(B) DSC, the complaint (as summarized above) states a claim upon which relief can be granted; and

WHEREAS, pursuant to Local Civil Rule 17.02(C) DSC, Plaintiff's counsel provided legal advice to Plaintiff and C.C., drafted and filed the complaint in this Action, and believe the Settlement Agreement to be fair and reasonable;

IT IS HEREBY ORDERED, pursuant to Plaintiff's Verified Petition for Approval of a Minor Settlement (ECF No. 23) and attached Settlement Agreement (ECF No. 23-1), that:

1. Plaintiff is appointed as *guardian ad litem* of C. C. for purposes of this action.
2. The Settlement Agreement between Plaintiff and Defendants is approved.
3. The above-referenced action is dismissed with prejudice and without costs.

The court retains jurisdiction over this matter for the purpose of enabling any party to the Settlement Agreement to apply to the court for such further orders or directions as may be necessary or appropriate for the enforcement, interpretation or implementation of the Settlement Agreement.

IT IS SO ORDERED.

                                                s/Cameron McGowan Currie
                                                Cameron McGowan Currie
                                                Senior United States District Judge

April 20, 2015